UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BELL JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09CV67 LMB |
| | ) | |
| PAULA PHILLIPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Robert Bell Jr. (Registration no. 526934), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.42. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $7.08, and an average monthly balance of $0.99. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.42, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, — S. Ct. —, 2009 WL 1361536 *13, 14 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at *13. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at *14. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at *13, 15.

## 28 U.S.C. § 1915(g)

Title 28 U.S.C. § 1915(g) states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against twenty-seven prison officials at Southeast Correctional Center ("SECC"). The complaint seeks monetary relief.

The complaint is overly long and rambling, with many allegations that are not part of the same transactions or series of transactions that do not share common questions of law and fact between the several defendants. However, because plaintiff has incurred three "strikes under § 1915(g),[1] the Court need only concern itself with those allegations that might show that plaintiff is in imminent danger of serious physical injury. Those allegations that do not show that plaintiff is in imminent danger of

---

[1] See Bell v. Rigel, 4:04CV706 HEA (E.D. Mo.); Bell v. Steele, 1:06CV144 LMB (E.D. Mo.); Bell v. Steele, 1:07CV25 LMB (E.D. Mo.).

serious physical injury will be dismissed without prejudice to being refiled in a fully-paid complaint.

Plaintiff alleges that he is in imminent danger of serious physical injury because his shoulders have limited range of motion preventing him from tolerating having his hands cuffed behind his back with a single set of handcuffs. Plaintiff claims that when he is "single cuffed" he suffers sufficient pain to cause him to lose consciousness; plaintiff maintains this is because his shoulders separate from their joints when put in this position. Plaintiff says that defendants Poole, Vinson, and two John Doe defendants have a practice of single cuffing his hands behind his back despite his pain.

Plaintiff contends that his is in imminent danger of serious physical injury because he files many grievances and he has noticed that prisoners who file grievances end up getting killed by their cellmates. Plaintiff believes that the prison guards conspire to place complaining prisoners in cells with dangerous offenders.

Plaintiff alleges that he is in imminent danger of serious physical injury because in April 2008 defendant Holsten placed a dangerous offender in plaintiff's cell and told the dangerous offender that if plaintiff did not help the offender with his legal work, the offender should hurt plaintiff.

Plaintiff says that he is in imminent danger of serious physical injury because he is being deprived of access to the law library. Plaintiff believes that if he had more

access to the law library, he would be able to figure out how to use the courts to get out of prison. In this instance, plaintiff is equating being in prison with being in imminent danger of serious physical injury.

The remaining allegations in the complaint do not go to whether plaintiff is in imminent danger of serious physical injury.

## Discussion

The Eighth Circuit has held that an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of filing his complaint. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). "Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Id.* "Moreover, the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Applying these principles, the Eighth Circuit has concluded that the imminent-danger-of-serious-physical-injury standard was satisfied when an inmate alleged that prison officials continued to place him near his inmate enemies, despite two prior stabbings, *Ashley*, 147 F.3d at 717, and when an inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection

requiring two additional extractions, *McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002). However, the Eighth Circuit has held that a general assertion that defendants were trying to kill the plaintiff by forcing him to work in extreme weather conditions despite his blood pressure condition, was insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Martin*, 319 F.3d at 1050.

Liberally construed, plaintiff's allegations that defendants Poole, Vinson, and John Does 1 and 2 have a practice of cuffing his hands behind his back in violation of a medical order qualify as imminent danger of serious physical injury under § 1915(g).

The remaining allegations do not show that plaintiff is in imminent danger of serious physical injury. His allegations regarding prisoners who have died after filing grievances to not relate to plaintiff and do not state a plausible claim for relief under *Iqbal*; these allegations also do not relate to any specific defendant. His other allegations either do not show that plaintiff is in danger of physical injury or go to past instances of danger rather than imminent danger.

## Conclusion

For these reasons, the Court will dismiss all claims from the complaint except those relating to the practice of handcuffing plaintiff's hands behind his back. The

Court will therefore order defendants Poole and Vinson to respond to the allegations in the complaint. The Court will not dismiss John Does 1 and 2 from the complaint at this time, but the Court will not order these defendants to respond to the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.42 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Michael Vinson and Unknown Poole.[2]

---

[2] Vinson and Poole are alleged to be correctional officers at Southeast Correctional Center.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Vinson and Poole shall reply to plaintiff's claims regarding the use of handcuffs within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure. Defendants Vinson and Poole are not required to respond to the other claims in the complaint.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants John Doe 1 or John Doe 2 at this time because the names of these defendants are unknown.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Paula Phillips, Dorothy Wright, Unknown Hutchinson, Troy Steele, T. Holsten, Unknown Dunn, Unknown Clinton, T. Trout, G. Wohlferd, T. Hosten, R. Rainey, David H., Omer Clark, Unknown Brauch, Unknown Sneed, Unknown Sykes, Unknown Qasirani, Larry Crawford, David Rost, Terry Moore, Derick Sides, C. McConnel, or George D. because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 1st day of June, 2009.

                                            HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE