UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT BELL JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:09CV67 LMB |
| ) | |
| PAULA PHILLIPS, et al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's submission of an amended complaint. Plaintiff is a prisoner proceeding in forma pauperis. As a result, the amended complaint is subject to dismissal if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Additionally, plaintiff has incurred three strikes pursuant to 28 U.S.C. § 1915(g) and may not proceed in forma pauperis unless he is in "imminent danger of serious physical injury."

### **The Complaint**

Plaintiff brings his amended complaint under 42 U.S.C. § 1983 against several officials at Southeast Correctional Center. Defendants include the Warden, medical personnel, unit managers, and several correctional officers.

Plaintiff claims that he has a shoulder disorder, which causes his shoulders to separate when he is handcuffed with his hands behind his back. Plaintiff says there is

a doctor's order that states he should be double-cuffed whenever safety permits. Plaintiff alleges that the correctional officers at SECC have a practice of cuffing his hands behind his back, which causes him to experience significant pain. Plaintiff maintains that the officers sometimes leave his hands cuffed for long periods of time. Plaintiff also claims that he has been denied psychiatric medications.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of June, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE